IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0324-WS-B |
| ) | |
| **THOMAS PRICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the defendants' motion to dismiss.  (Doc. 13). The parties have submitted briefs in support of their respective positions, (Docs. 13, 16, 17), and the motion is ripe for resolution.[1]

The amended complaint seeks a declaration that the plaintiff has no obligation to pay the defendants for losses incurred as a result of a house fire.  Count One is labeled "Arson/Misrepresentation," and Count Two is labeled "Failure to Cooperate."  (Doc. 12). The defendants argue that the amended complaint does not allege fraud with the particularity required by Rule 9(b).[2]  The plaintiff argues that Rule 9(b) does not apply to defenses but applies only when a plaintiff seeks affirmative recovery from the defendant. In the alternative, the plaintiff argues that the amended complaint satisfies Rule 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  On its face, this language extends past "claims" of fraud to "alleg[ations]" of fraud, and past "plaintiffs"

---

[1] The defendants' motion for oral argument, (Doc. 31), is **denied**.  *See* Local Rule 7.3.

[2] The defendants speak of "the complaint" generally, but their argument is entirely confined to Count One.  This is appropriate, since Count Two is based exclusively on various delays in providing information, not on any misrepresentation or concealment.  (Doc. 13 at 6-7).

asserting fraud to "part[ies]" asserting fraud. In short, "[t]here is nothing in the language of Rule 9(b) which would exempt affirmative defenses from the particularity requirement." *Chetu, Inc. v. Salihu*, 2009 WL 3448205 at *4 (S.D. Fla. 2009).

"Rule 9(b) cannot be confined to a claim for relief based on fraud appearing in the original complaint. Inasmuch as the defense of fraud cannot be raised in an answer under a general denial because Rule 8(c) requires that defense to be pleaded affirmatively, the assertion of such a defense is an 'averment of fraud' and is subject to the heightened pleading requirements of Rule 9(b)." 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1297 at 182 (3rd ed. 2004). Courts have routinely applied Rule 9(b) to the articulation of fraud-based defenses.[3]

The plaintiff offers no authority or even explanation in support of its contrary reading of the rule. In light of this silence, and the wealth of authority rejecting the plaintiff's position, the Court does likewise.

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

---

[3] An incomplete listing from the last twelve months alone would include at least the following examples: *H.D. Smith Wholesale Drug Co. v. Crawford*, 2012 WL 2503100 at *2 (C.D. Ill. 2012); *Zep Solar, Inc. v. Westinghouse Solar, Inc.*, 2012 WL 1293873 at *2 (N.D. Cal. 2012); *Gemcor II, LLC v. Electroimpact, Inc.*, 2012 WL 628199 at *3 (D. Kan. 2012); *Cabin Foods, LLC v. Rich Products Corp.*, 2012 WL 433115 at *2 (W.D. Tex. 2012); *W.L. Gore & Associates, Inc. v. Medtronic, Inc.*, ___ F. Supp. 2d ___, 2012 WL 368272 at *2 (E.D. Va. 2012); *Bayer CropScience AG v. Dow AgroSciences LLC*, 2011 WL 6934557 at *3 (D. Del. 2011); *Aguilar v. City Lights Restaurant, Inc.*, 2011 WL 5118325 at *4 (D. Md. 2011).

District judges within the Eleventh Circuit – including this one – have reached the same conclusion. *E.g., Scott v. Allstate Property & Casualty Insurance Co.*, 2010 WL 1254295 at *4 (S.D. Ga. 2010); *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 535 (S.D. Ala. 2007); *Lafayette Corp., Ltd. v. Bank of Boston International South*, 723 F. Supp. 1461, 1467 (S.D. Fla. 1989).

*Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotes omitted).

As to the first criterion, the amended complaint does identify the documents or oral statements in which the alleged misrepresentations and/or concealments are contained: the defendants' examinations under oath ("EUO") and their proof of loss. (Doc. 13 at 5). It does not, however, state "precisely what statements … or what omissions were made." Instead, it simply asserts that the defendants "concealed from and misrepresented to Allstate their involvement in the cause or procurement of the fire" and "concealed from and made misrepresentations to Allstate regarding the time they lived in the insured property." (*Id*.). This language identifies the general subject matters of the misrepresentations and/or concealments, but it does not specify just what it was the defendants said or failed to say about those subject matters.

As to the second criterion, the defendants concede that, by limiting the misrepresentations and concealments to the EUO and proof of loss, the amended complaint "satisfy[ies] both the time and place requirement." (Doc. 13 at 10). They correctly point out, however, that lumping all three of them together indiscriminately, without identifying separately what each said or failed to say, does not adequately set forth "the person responsible for making" the particular misrepresentation or concealment.

As to the third criterion, the amended complaint neither sets forth the content of the alleged misstatements nor explains the manner in which they misled the plaintiff. The defendants do not assert that the fourth criterion is unsatisfied.

The defendants request that the complaint be dismissed without leave to amend, despite the plaintiff's request for ten days in which to file a second amended complaint, on the grounds that the plaintiff has not provided a proposed amended complaint or explained how it could cure the Rule 9(b) pleading deficiencies noted above. Notably, the defendants do not assert that cure is impossible, and it plainly is within the plaintiff's power to provide the detail Rule 9(b) requires. Rule 15(a)(2) requires the Court to grant

leave to amend when justice so requires, and the defendants invoke none of the limited exceptions to that rule.

For the reasons set forth above, the defendants' motion to dismiss is **granted** with respect to Count One and **denied** with respect to Count Two. The plaintiff is **ordered** to file and serve, on or before **September 13, 2012**, a second amended complaint that complies with Rule 9(b), failing which this action will proceed on Count Two only.[4]

DONE and ORDERED this 30th day of August, 2012.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The plaintiff's filing is to be an entire, integrated pleading that includes both counts. The Court does not recognize partial pleadings.