IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0324-WS-B |
| ) | |
| THOMAS PRICE, et al., ) | |
| ) | |
| **Defendants.** ) | |

ORDER

This matter is before the Court on the plaintiff's motion for leave to file a fourth amended complaint. (Doc. 52). The defendants object. (Docs. 54, 55).

The motion for leave to amend was filed before the deadline provided by the Rule 16(b) scheduling order. (Doc. 24 at 2). Accordingly, the plaintiff need not meet the "good cause" standard of Rule 16(b). Instead, it need only satisfy Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (internal quotes omitted). The burden is on the defendants to establish one or more of these exceptions to the bias favoring amendment.[1]

---

[1] *Spanish Broadcasting System, Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial ...."); *accord Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (11th Cir. 1983).

The defendants argue the motion to amend should be denied because:  (1) the plaintiff failed to cite Rule 15(a)(2) in its motion; and (2) the plaintiff could have included the two proposed new causes of action in an earlier iteration of the complaint.

No doubt the plaintiff should have cited the appropriate rule, but few motions are more common than one to amend a pleading, and the Court is not inclined to feign ignorance of a rule it has applied dozens of times simply because the movant neglected to cite it.  The defendants' argument is particularly awkward given that they themselves invoked and quoted Rule 15(a)(2) only twelve days before the plaintiff's motion was filed.  (Doc. 45 at 3).  The defendants offer no legal principle or logical explanation supporting its summary denial argument, and the Court will not devote its resources to looking for one.

"[T]he mere passage of time is not enough to deny a motion to amend …." *Burns v. Winnebago Industries, Inc*., 2012 WL 4839271 at *2 (11th Cir. 2012) (citing *Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1256-57 (11th Cir. 1998)); *accord Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578-79 (11th Cir. 1991).

In *Loggerhead Turtle*, the plaintiffs moved to amend on October 27, based on an exhibit they had attached to a motion for preliminary injunction in late July.  148 F.3d at 1235, 1256.  The Eleventh Circuit held that the trial court's decision to deny the plaintiffs leave to amend based on undue delay was an abuse of discretion.  *Id*. at 1236, 1257.  The Court concluded that, where the plaintiffs sought leave to amend within the time provided by the Rule 16(b) scheduling order, "[a]t most, their failure to request leave to file an amended complaint in late July instead of October supports a finding of 'delay,' not 'undue delay' or 'dilatory' action." *Id*. at 1256-57.

The original complaint in this action was filed on May 16 and the instant motion on October 24.  While this five-month period is longer than the three months at issue in *Loggerhead Turtle*, with respect to one of the two proposed new claims the plaintiff asserts that the evidence supporting it came to light only during discovery.  (Doc. 52 at

2).  The defendants dispute this, but in terms too vague to embrace.  Even assuming for argument that the plaintiff could have asserted the new claims in May, the defendants have not shown the delay to be undue.  The Eleventh Circuit cases upholding denials of leave to amend based on undue delay involve delays measured in years and/or extending beyond key deadlines.[2]  The single case cited by the defendants is cut from the same cloth.  The Court concludes that the defendant's perfunctory argument does not carry its burden of showing grounds to deny the plaintiff's motion.

For the reasons set forth above, the motion for leave to amend is **granted**.  The plaintiff is **ordered** to file and serve its fourth amended complaint on or before **November 9, 2012**.[3]

---

[2] *See, e.g., Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (seven weeks after close of discovery, after dispositive motions filed); *Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 470 F.3d 1036, 1040-41 (11th Cir. 2006) ("years" after complaint filed, and after several dispositive motions and certified questions were resolved, and during interlocutory appeal); *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1237 (11th Cir. 2005) (over a year after complaint filed); *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1214, 1218 (11th Cir. 2004) (over a year and a half after complaint filed, and six months after the deadline for amendments); *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1275 (11th Cir. 2001) (well over a year after complaint filed, and long after the deadline for amendments); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (over a year after complaint filed, and eight months after the deadline for amendments); *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir. 1999) (almost three years after complaint filed, and five months after the deadline for amendments); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (over three years after complaint filed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (over five years after complaint filed, and after discovery ended and dispositive motions filed); *Hester*, 941 F.2d at 1578-79 (over two years after complaint filed).

[3] The defendants' filings have taken on an increasingly sarcastic and combative tone. (Doc. 13 at 3; Doc. 45 passim; Doc. 54 passim).  The defendants should not construe the Court's silence about their language as approval of it.  Future egregious examples will be dealt with appropriately.

DONE and ORDERED this 2nd day of November, 2012.

                                       s/ WILLIAM H. STEELE
                                       CHIEF UNITED STATES DISTRICT JUDGE